# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0292V

|  |  |
|---|---|
| LEAH KING,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 28, 2025 |

*Lisa Annette Roquemore, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA,* for Petitioner.

*James Vincent Lopez, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 7, 2021, Leah King filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccine on September 10, 2020. Amended Petition at 2, 5. On June 20, 2024, I issued a decision awarding damages based

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] On March 17, 2023, Petitioner filed an amended petition. ECF No. 36.

upon Respondent's proffer. ECF No. 57.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $84,224.79 as follows:

1. $74,345.44 (representing $73,910.90 for fees and $434.54 for costs) for Petitioner's current counsel – Lisa Annette Roquemore, Law Office of Lisa A. Roquemore;

2. $9,859.15 (representing $9,017.20 for fees and $841.95 for costs) for Petitioner's former counsel – Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC;

3. $20.20, representing out-of-pocket litigation costs for Petitioner.

Petitioner's Motion for Fees and Costs filed Oct. 9, 2024, ECF No. 62. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred $20.20 in out-of-pocket litigation costs. ECF No. 62-5.

Respondent reacted to the motion on October 9, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 62. Petitioner filed no reply.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for

2

the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed by Ms. Roquemore and a paralegal at her firm through the end of 2023 (ECF No. 62-2 at 1-52), and for all work performed by Leah Durant and other attorneys and paralegals at her firm, are reasonable and consistent with our prior determinations. For work performed by Ms. Roquemore and a paralegal at her firm in 2024, Petitioner is requesting the same hourly rates as those awarded in 2023 - $475.00 and $139.00, respectively. ECF No. 62-2 at 28-71. I find all the requested hourly rates to be reasonable, and they will therefore be adopted.

There are, however, multiple reasons for reductions in the amount of attorney's fees to be awarded for Ms. Roquemore's work in this case. To begin with, the billing invoices demonstrate that Ms. Roquemore spent an inordinate amount of time conversing and coordinating with her paralegal and Petitioner. Many of these efforts were spent coordinating filings and overcoming specific technical issues. *See,* e.g., ECF No. 62-2 at 28, 36 (entries dated 1/16/23 and 4/20/23). And Ms. Roquemore consistently billed these these tasks at her greater attorney rate. She did so despite being on notice about excessive client communications and duplicative and unnecessary inter-office communications. *See,* e.g., *D.S. v. Sec'y of Health & Hum. Servs.,* No. 10-0077V, 2017 WL 6397826, at *3 (Fed. Cl. Spec. Mstr. Nov. 20, 2017).

There is also evidence of billing for clerical and other secretarial work - something not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl.Ct. 379, 387

(1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Hum. Servs.*, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Rather, "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

In addition, Ms. Roquemore spent an excessive amount of time working on the case before entering her appearance. ECF No. 62-2 at 1-5. From November 10, 2021, to March 2, 2022, she and her paralegal spent 50.7 hours coordinating with Petitioner, reviewing the medical records and filings in the case, finalizing her retention agreement (a task that should not be billed to the Program in any event), and completing the substitution process. *Id.* Indeed, they worked on the case for 20 of the 29 days in February 2022. *Id.* at 3-5. Although Ms. Roquemore has been commended for her thorough preparation, and such "front-loading" of efforts may be needed when the issues presented are complex, this was a straightforward SIRVA case in which entitlement was conceded within two months of the completion of Respondent's medical review. ECF No. 45. Thus, much of Petitioner's earlier efforts were likely not needed.

Then, once the matter was underway, Ms. Roquemore would often find tasks to perform even when awaiting a filing (next step) from Respondent. For example, while awaiting Respondent's informing Petitioner of his tentative position (from May 12 to July 12, 2023), Ms. Roquemore worked on the case on eight difference occasions. ECF No. 62-2 at 38-40. One of these entries (dated June 19, 2023) describes coordination with her paralegal regarding medical records, a discussion of "further review and organization," and a review of the file, including a second review of the latest scheduling order. *Id.* at 39.

It is unreasonable for counsel to have spent so much time on these tasks, especially when billed at her higher attorney rate. Having prevailed in this case, a fees award is generally appropriate. But the Act permits only an award of a *reasonable amount of* attorney's fees. And this case was proffered for settlement within two years of its activation, and never required expert input or any hearing. A SIRVA claim that can be resolved in SPU in this manner should not require more than $80,000.00 in attorney fees.

Ms. Roquemore has on many prior occasions been warned by the special masters about her excessive billing practices. *See Basdakis v. Sec'y of Health & Hum. Servs.,* No. 20-1158V, 2025 WL 455394, at *2 (Fed. Cl. Spec. Mstr. Jan. 16, 2025); *Iniguez v. Sec'y of Health & Hum. Servs.,* No. 18-01537V, 2023 WL 3729843, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 28, 2023); *J. T. v. Sec'y of Health & Hum. Servs.*, No. 12-0618V, 2018 WL 4623163, at *4, 6 (Fed. Cl. Apr. 20, 2018); *D.S. v. Sec'y of Health & Hum. Servs.,* No. 10-0077V, 2017 WL 6397826, at *3-5 (Fed. Cl. Spec. Mstr. Nov. 20, 2017); *Sanchez v. Sec'y of Health & Hum. Servs.*, No. 11-0685V, 2016 WL 909186, at *8-9 (Fed. Cl. Spec. Mstr. Feb. 17, 2016); *Brown v. Sec'y of Health & Hum. Servs.*, No. 09-0426V, 2013 WL 1790212, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 8, 2013). Yet she shows no signs of attempting to modify them.

Accordingly, I will reduce the attorney's fees awarded to Petitioner's current counsel by *twenty percent*. Such an across-the-board reduction (which I am empowered to adopt)[4] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $14,782.18**[5]

## ATTORNEY COSTS

Petitioner requests $434.54 for Ms. Roquemore's costs, $841.95 for Ms. Durant's costs, and $20.20 for her out-of-pocket litigation costs. ECF No. 62 at 2. The costs sought by Ms. Durant are comprised of the $402.00 filing fee and costs of obtaining medical records for which she has provided the appropriate receipts. ECF No. 62-7 at 7-14. Petitioner's out-of-pocket costs are comprised of $8.45 in postage and $11.75 in copying costs paid to her physical therapy clinic. ECF No. 62-6. I have reviewed these requested costs and find them to be reasonable.

Ms. Roquemore's costs are comprised of $9.64 for postage, $5.30 for pacer charges, and $419.60 for in house copying at a rate of $0.50 per page. ECF No. 62-4; *see,* e.g. ECF No. 62-2 at 26 (for rate used). An examination of the billing records in this

---

[4] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[5] This amount is calculated as follows: $73,910.90 x .20 = $14,782.18.

case reveals that Ms. Roquemore often made copies of medical records and routine filings. For example, Ms. Roquemore listed $89.80 on 5/7/22 for copying medical records already filed in the case in February and March 2022, as Exhibits 1-9. ECF No. 62-2 at 11. She included copying costs related to my Scheduling Order, issued on 2/17/23, and a short status report that she filed on 9/12/23. *Id.* at 31, 45.

It appears that Ms. Roquemore maintained a separate paper version of most, if not all, filings in this case. Because these documents can be electronically saved, this paper version was not needed. Thus, I will allow only $50.00 of this $419.60 copying cost. Although she has not provided documentation to support the remaining costs (postage and pacer use), I will nevertheless reimburse those costs in full. **Thus, the amount of Ms. Roquemore's costs are reduced by $369.60.**[6]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$69,073.01 as follows:**

1. **$59,213.86 (representing $59,128.72, for fees, $64.94 in attorney's costs, and $20.20 in Petitioner's out-of-pocket costs), to be paid through an ACH deposit to Petitioner's current counsel's IOLTA account for prompt disbursement; and**

2. **$9,859.15 (representing $9,017.20 for attorney's fees and $841.95 for attorney's costs), to be paid through an ACH deposit to Petitioner's former counsel's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

                 **s/Brian H. Corcoran**
                 Brian H. Corcoran
                 Chief Special Master

---

[6] This amount is calculated as follows: $419.60 - $50.00 = $369.60.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.